IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00486-LTB

RONALD JENNINGS FOGLE,

    Applicant,

v.

MICHAEL MILLER, Warden,

    Respondent.

ORDER DENYING MOTIONS

    Applicant, Ronald Jennings Fogle, has filed *pro se* a letter to the Court (ECF No. 7) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 5) and the Judgment (ECF No. 6) entered in this action on April 4, 2013. Mr. Fogle also has filed a second letter to the Court (ECF No. 8) asking the Court to appoint counsel to represent him in this action. The Court must construe the motions liberally because Mr. Fogle is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motions will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider the motion to reconsider filed by Mr. Fogle pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id*.

Mr. Fogle initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a letter to the Court stating that his mother would be paying the $5.00 filing fee.  On February 25, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Fogle to cure certain deficiencies if he wished to pursue his claims in this action.  Specifically, Magistrate Judge Boland ordered Mr. Fogle either to pay the $5.00 filing fee or to file a properly supported motion seeking leave to proceed *in forma pauperis* within thirty days.  Mr. Fogle was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within the time allowed.  On April 4, 2013, the Court entered an order dismissing this action without prejudice because Mr. Fogle failed within the time allowed to cure the

deficiencies. Mr. Fogle alleges in the motion to reconsider that his mother paid the filing fee for this action on March 6, 2013.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Fogle fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action because the Court has no record that the filing fee for this action has been paid. Therefore, the motion to reconsider will be denied. Mr. Fogle is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Fogle wishes to pursue his claims, he may do so by filing a new action. The motion for appointment of counsel will be denied as moot. Accordingly, it is

ORDERED that Applicant's motion to reconsider (ECF No. 7) is DENIED and Applicant's motion for appointment of counsel (ECF No. 8) is DENIED as moot.

DATED at Denver, Colorado, this  18th  day of  April , 2013.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court