IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00486-BNB

RONALD JENNINGS FOGLE,

      Applicant,

v.

MICHAEL MILLER, Warden,

      Respondent.

---

## ORDER OF DISMISSAL

---

      Applicant, Ronald Jennings Fogle, is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado.  Mr. Fogle initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  The Court must construe the application liberally because Mr. Fogle is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the action will be dismissed.

      Mr. Fogle claims in the application that the habitual criminal sentence he is serving violates the Fourteenth Amendment to the United States Constitution and that he has been denied postconviction counsel, apparently in connection with his efforts to challenge his habitual criminal sentence in state court, in violation of his rights under the Sixth Amendment.  Based on documents attached to the application, it is apparent that Mr. Fogle is challenging the validity of his sentence in case number 99CR136 in the

District Court of Denver County, Colorado.  (*See* ECF No. 1-1 at 1-7, 27-28.)  Because

Mr. Fogle is challenging the validity of a state court sentence, the Court construes the

instant action as seeking relief pursuant to 28 U.S.C. § 2254 rather than § 2241.  *See*

*Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

Mr. Fogle has filed two prior habeas corpus actions pursuant to § 2254 in the

District of Colorado challenging the validity of his conviction and sentence in Denver

District Court case number 99CR136.  In the first § 2254 action, Mr. Fogle challenged

the validity of his convictions and sentences in three Denver District Court cases, one of

which was 99CR136.  *See Fogle v. Smelser*, No. 07-cv-01636-ZLW (D. Colo. Nov. 13,

2007), *appeal dismissed*, 314 F. App'x 89 (10th Cir. 2008).  Case number 07-cv-01636-

ZLW was dismissed on the merits because Mr. Fogle's first claim was an impermissible

challenge to prior Maryland convictions used to enhance his Colorado sentence and his

other claims did not raise cognizable federal constitutional issues.  Mr. Fogle

subsequently filed another § 2254 action challenging the validity of his convictions and

sentences in six Denver District Court cases, one of which again was 99CR136.  *See*

*Fogle v. Smelser*, No. 10-cv-00932-ZLW (D. Colo. June 22, 2010), *appeal dismissed*,

No. 10-1291 (10th Cir. July 30, 2010).  In case number 10-cv-00932-ZLW, Mr. Fogle's

claims relevant to Denver District Court case number 99CR136 were dismissed for lack

of jurisdiction because Mr. Fogle had not obtained the necessary authorization to file a

second or successive application.

Although Mr. Fogle fails to mention either of these prior District of Colorado

habeas corpus actions in the application, the Court may take judicial notice of its own

records and files that are part of the Court's public records, *see St. Louis Baptist*

2

*Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). The Court has examined the records for the cases listed above and finds that Mr. Fogle previously has challenged the validity of his conviction and sentence in Denver District Court case number 99CR136. Therefore, the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Fogle must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Fogle does not allege that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the action for lack of jurisdiction or, if it is in the interest of justice, transfer

3

the action to the Tenth Circuit pursuant to 28 U.S.C. § 1631.  *In re Cline*, 531 F.3d at

1252.  The factors to be

> considered in deciding whether a transfer is in the interest of
> justice include whether the claims would be time barred if
> filed anew in the proper forum, whether the claims alleged
> are likely to have merit, and whether the claims were filed in
> good faith or if, on the other hand, it was clear at the time of
> filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.  When "there is no risk that a meritorious successive claim will be lost

absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is

not in the interest of justice to transfer the matter."  *Id.* at 1252.

Mr. Fogle's claims in this action are not based on either a new rule of

constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2).

Therefore, the Court finds that a transfer is not in the interest of justice for that reason

alone.  *See id.*

Consideration of the other relevant factors also supports this conclusion.

Although it appears that Mr. Fogle's claims would be time-barred if filed anew in the

proper forum, it also appears that the claims would be time-barred even if Mr. Fogle had

sought proper authorization prior to filing in this Court.  There also is no indication that

the claims Mr. Fogle seeks to raise have any merit.  Finally, it was clear when the

instant action was filed that this Court lacks jurisdiction absent authorization from the

Tenth Circuit because Mr. Fogle has been advised previously that such authorization is

necessary.  Mr. Fogle also has been denied authorization to file a second or successive

habeas corpus application pursuant to § 2254 by the Tenth Circuit.  *See In re Fogle*, No.

12-1252 (10th Cir. July 3, 2012).  As a result, the Court finds that a transfer of this action

to the Tenth Circuit is not in the interest of justice.  Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed for lack of jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __9th__ day of ____May_____, 2013.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court